USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COURTNEY BLACK,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :      1:13-cv-7207-GHW
                -against-                                   :
                                                            :
NUNWOOD, INC. and NUNWOOD                                   :      MEMORANDUM OPINION
CONSULTING, LTD.,                                           :           AND ORDER
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Following her acceptance of an offer of judgment made pursuant to Federal Rule of Civil Procedure Rule 68, plaintiff Courtney Black moved to recover attorney's fees under the Fair Labor Standards Act ("FLSA"), 18 U.S.C. § 216(b), and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 198. For the reasons outlined below, the Court finds that Ms. Black is entitled to recover attorney's fees in the amount of $41,941.50.

## I. BACKGROUND

On April 19, 2010, Ms. Black started work as a Quantitative Client Consultant with Nunwood, Inc., a London-based consulting firm. *See* Amended Complaint, Dkt. No. 7, ¶¶ 7, 11. She claims that she regularly worked over 40 hours per week, but was never paid for her overtime hours, despite repeatedly inquiring with Nunwood Human Resources about her wages. *Id.* at ¶¶ 12-15. After defendants terminated her on April 5, 2012, Ms. Black retained the law firms of Slater Slater Schulman LLP and Katz Melinger PLLC. *Id.* at ¶ 18; Plaintiff's Memorandum of Law ("Plaintiff's Memo"), Dkt. No. 22, at 1.

Ms. Black commenced this action on October 11, 2013. On February 20, 2014, she amended her complaint to assert four claims against her former employer: (1) violation of overtime

wage rules under the FLSA; (2) retaliation under the FLSA; (3) violation of overtime wage rules under the NYLL; and (4) unpaid wages under the NYLL.[1] Amended Complaint, at ¶¶ 20-60. In her amended complaint, Ms. Black sought damages of no less than $166,239.70, not including costs, fees, and interest. *See id.* at 7-8. In a June 6, 2014 letter filed with the Court, plaintiff estimated that her damages totaled $119,269.69, not including costs, fees, interest, or some liquidated damages. *See* Joint Letter, Dkt. No. 13, at 5-6.

The parties participated in mediation, but settlement negotiations between the parties failed to resolve the dispute. *See* Plaintiff's Memo, at 2. Ms. Black notes in her motion that during settlement talks on August 11, 2014, she refused to accept Nunwood's offer of $30,000, at which point the parties reached a stalemate. *See id.*

On September 5, 2014, defendants served Ms. Black with an offer of judgment pursuant to Rule 68. *Id.* The offer provided for judgment against defendants in the sum of $30,000 and stated that this sum "shall include any and all recoverable costs." *See* Notice of Plaintiff's Acceptance, Dkt. No. 18, at 4-5. Ms. Black accepted the offer on September 18, 2014. *See id.* at 1.

Three weeks later, on September 26, 2014, Ms. Black filed—virtually simultaneously—both her notice of acceptance and a motion for attorney's fees, requesting at least $37,980 in fees. *See id.*; Plaintiff's Motion for Attorney's Fees, Dkt. No. 20. Since then, Ms. Black has requested additional payment for fees in the amount of $18,917 for work conducted in litigating this motion and in seeking to enforce the judgment.[2] *See* Katz Declaration, Dkt. No. 33, at ¶ 33. Thus, plaintiff seeks a total of $56,897 in attorney's fees.

---

[1] In her original complaint, plaintiff also asserted claims for spread of hours pay and retaliation under the NYLL. Those claims were not included in her first amended complaint. *Compare* Complaint, Dkt. No. 1, *with* Amended Complaint, Dkt. No. 7.

[2] The Court notes that although defendants have not had a chance to contest plaintiff's request for time spent preparing to enforce the judgment, courts have found that "it is well-settled that a plaintiff may recover fees in connection with enforcement of a judgment." *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03-cv-6466 (CPS) (RML), 2008 WL 2004001, at *7 (E.D.N.Y. May 7, 2008) (citing *Joel v. Village of Kiryas Joel*, 1997 WL 543091, at *2 (S.D.N.Y. Sept. 4, 1997)).

## II. PLAINTIFF'S ENTITLEMENT TO FEES

### A. Legal Standards

#### *1. Prevailing Party*

In order for Ms. Black to be eligible to recover attorney's fees, she must be the prevailing party in this litigation. It is undisputed that she is. "Plaintiffs are the prevailing party for the purposes of the FLSA and NYLL 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The offer of judgment in this case establishes that Ms. Black is the prevailing party under the FLSA and the NYLL. *Id.*; *see also Delta Air Lines v. August*, 450 U.S. 346, 363 (1981) (Powell, J., concurring) ("A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party."). Therefore, Ms. Black is entitled to pursue attorney's fees. The question is whether those fees were satisfied by the offer of judgement that she accepted.

#### *2. Recovering Fees Under Rule 68 Offers of Judgment*

Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). In the event that such an offer is made, but is not accepted, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). This cost-shifting rule "encourage[s] settlements without the burdens of additional litigation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 229 (2d Cir. 2006). The rule itself is silent as to whether its reference to "costs" includes attorney's fees.

3

In *Marek v. Chesney*, the Supreme Court addressed the question whether the term "costs" in Rule 68 included attorney's fees. 473 U.S. 1, 7-8 (1985). The Court found that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 8. "Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied that such fees are to be included as costs for purposes of Rule 68." *Id.*

Courts have applied this framework to determine whether attorney's fees are included as "costs" in an offer of judgment using that term. *See, e.g., Wilson v. Nomura*, 361 F.3d 86 (2d Cir. 2004). Where the underlying statute clearly defines "costs" to include attorney's fees, attorney's fees are considered to be included in an offer of judgement that includes "costs" but is silent as to the treatment of attorney's fees. *Id.* at 89. On the other hand, when the underlying statute treats costs and attorney's fees separately, an offer of judgment providing for the payment of "costs" alone does not include attorney's fees. In such a case, an accepted offer of judgment does not resolve the prevailing party's claim for attorney's fees. The parties agree on this basic legal framework.

### B. Attorney's Fees Under the FLSA and the NYLL

In order to determine whether term "costs" in the offer of judgement at issue here includes attorney's fees, the Court must examine the FLSA and the NYLL to determine whether attorney's fees are included in the definition of "costs" under those statutes. If they are not, the offer of judgment does not preclude Ms. Black from recovering attorney's fees in addition to the amount she has already recovered pursuant to the offer. The Court concludes that neither statute includes attorney's fees within their definition of "costs."

#### *1. The FLSA Defines Costs and Fees Separately*

The FLSA defines costs and fees separately. *See* 29 U.S.C. § 216(b) ("Any employer who violates the [FLSA] shall be liable to the employee or employees affected . . . . The court in such

action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Defendants do not contest this point. *See* Defendants' Memorandum in Opposition ("Defendants' Opp."), Dkt. No. 29, at 4-5.

### 2. The NYLL Defines Costs and Fees Separately

Defendants do argue, however, that attorney's fees are part of "costs" as defined under Section 198 of the NYLL. *See* Defendants' Opp. at 4. Defendants have not identified controlling case law on the question of whether the NYLL defines costs and fees separately, and the Court has not discerned any.[3] Defendants' argument is based on an interpretation of the text and framework of the NYLL. For the reasons outlined below, the Court disagrees with defendants' interpretation of the statute and concludes that the relevant provisions of the NYLL treat costs and attorney's fees separately.

NYLL Section 198, titled "Costs, remedies," consists of four subsections: 1, 1-a, 1-b, and 1-d.[4] The statute addresses costs and attorney's fees separately. Subsection 1 mentions costs but not fees: "[i]n any action instituted upon a wage claim by an employee or the commissioner . . . in which the employee prevails, the court may allow such employee *in addition to ordinary costs*, a reasonable sum, not exceeding fifty dollars for expenses which may be taxed as costs." N.Y. Lab. Law § 198(1) (emphasis added). On the other hand, Subsection 1-a mentions fees but not costs:

> In any action instituted in the courts upon a wage claim . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, *all reasonable*

---

[3] There are several cases that refer to costs and fees separately, although it is unclear whether the courts were deliberately separating the two terms. *See, e.g.*, *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 672 (S.D.N.Y. 2011) (stating that "NYLL [§ 198] permits a successful Plaintiff to recover reasonable attorney's fees and costs"); *Strohl v. Brite Adventure Ctr., Inc.*, 2010 WL 3236778, at *8 (E.D.N.Y. Aug. 13, 2010) (finding that NYLL § 198 "permits the court to award 'ordinary costs' to a plaintiff who has prevailed on a wage claim, and section 198(1-a) requires the court to award 'reasonable attorney's fees' to such a plaintiff"); *Zeman v. Falconer Electronics, Inc.*, 55 A.D.3d 1240, 1242 (N.Y. App. Div. 2008) (finding that a prevailing party under NYLL § 191-c(3) "shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements," as well as double damages); *Fingerlakes Chiropractic, P.C. v. Maggio*, 269 A.D.2d 790, 791 (N.Y. App. Div. 2000) (finding that "the court properly awarded . . . attorney's fees and costs for that claim" under NYLL § 198(1), (1-a)).
[4] There is no Subsection 1-c in the statute.

5

>> *attorney's fees*, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages . . . .

N.Y. Lab. Law § 198(1-a) (emphasis added).

Subsection 1 and Subsection 1-a each provide separate grants of authority to courts—Subsection 1 authorizes courts to allow costs; Subsection 1-a authorizes fees. The two subsections employ parallel construction to do so. As quoted above, each subsection states separately that "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails . . . ." Subsection 1 proceeds from that introductory language to allow the court to allow costs. Subsection 1-a proceeds to require the grant of attorney's fees. If the payment of attorney's fees were already provided for in Subsection 1's discussion of costs, the parallel language in Subsection 1-a authorizing courts to grant attorney's fees would be unnecessary and redundant.

Elsewhere in this section of the statute, Subsections 1-b and 1-d both reference "costs *and* reasonable attorney's fees." N.Y. Lab. Law § 198(1-b), (1-d) (emphasis added). These subsections provide, respectively, that if the employee does not receive a notice or wage statement from the employer as required under NYLL Section 195, then the employee may recover damages, "together with costs *and* reasonable attorney's fees." *Id.* (emphasis added). It is a basic canon of statutory construction that the term "and" joins a conjunctive list. Simply put, if the term costs included fees, as defendants argue, there would be no need for the word "and"—indeed, there would be no need in those provisions of the statute for any word other than "costs."

The defendants assert that "the NYLL provision embeds the concept [sic] attorney's fees under the definition of costs . . . ." *See* Defendants' Opp. at 5. However, they provide no foundation for that assertion than the fact that the heading of Section 198 of the NYLL is labelled "Costs, remedies." Given the structure and text of the statute, this is an insufficient basis to find

6

that attorney's fees are included within the term costs.  The heading describes a section of the statute that includes provision of costs *and* other remedies, such as the award of attorney's fees.  The defendants' other arguments regarding the differences between the structure and text of the FLSA and the NYLL are roundly unpersuasive.  The Court finds that the NYLL explicitly distinguishes between awards of costs and attorney's fees.[5]

Because costs and fees are defined separately under both the FLSA and the NYLL, attorney's fees were not included in the offer of judgement, and Ms. Black is entitled to claim attorney's fees.

### III.  CALCULATING ATTORNEY'S FEES

The Court has discretion in determining the appropriate fee award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he district court has discretion in determining the amount of a fee award.  This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."); *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential."); *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ("[W]e must bear in mind that the district court has wide discretion in determining the amount of attorney's fees to award; thus, absent an abuse of discretion or an error of law we will not disturb the district court's assessment of the appropriate fee award.").

If a plaintiff is entitled to attorney's fees, the Court must calculate a "presumptively reasonable fee," also known as a "lodestar" figure, by finding:  (1) a reasonable hourly rate for the attorney's work; and (2) a reasonable number of hours of work required by the case.  *See Millea v.*

---

[5]  Because the Court concludes that neither the FLSA nor the NYLL include attorney's fees within the definition of costs, the Court need not further evaluate the work conducted by plaintiff's counsel to determine whether the work to prosecute the FLSA and NYLL claims was essentially "indivisible."  *See Wilson*, 361 F.3d at 91.

*Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. The fee-seeking party bears the burden of demonstrating entitlement to an award and providing documentation of hours expended and hourly rates. *See Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (quoting *Cruz v. Local Union Number 3 of the Int'l Bhd. Of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch*, 148 F.3d at 173.

Plaintiff's counsel submitted documentation of their work, including sufficiently detailed time records for each attorney and an explanation on the hourly rates sought for each attorney. *See* Katz Declaration, Dkt. No. 21, Ex. 2, 5; Katz Declaration, Dkt. No. 33, Ex. 3. As outlined below, the Court finds that Ms. Black is entitled to $41,941.50 in attorney's fees.

### A. Reasonable Hourly Rates

This Court has recently discussed the necessary steps for determining the appropriate hourly rate for calculating attorney's fees. *See Marquez v. Erenler*, No. 12-cv-8580 (GHW), 2014 WL 5847441, at *2-3 (S.D.N.Y. Nov. 10, 2014). A court first must determine whether the rates sought by the plaintiff are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In order to do so, courts look to: "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (citing *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)).

Ms. Black retained two law firms and requests that her counsel receive fees consistent with the following hourly rates: $350 for all partners involved in the case (Kenneth Katz, Adam Slater, and Jonathan Schulman); $285 for Nicole Grunfeld, a senior associate with nine years' experience; $250 for Meredith Singer, an associate with three years' experience; $215 for associates Jennifer Chandler and David Friedman, each with less than one year of experience; and $150 for Aritza Evans, a paralegal. These rates reflect the normal hourly rate for each of the Katz Melinger attorneys, and for the Slater Slater Schulman attorneys, a reduced rate to conform to Katz Melinger's rates. *See* Katz Declaration, Dkt. No. 21, at ¶¶ 12, 18, 22, 27, 33, 38, 42.

In similar cases, this district has frequently awarded experienced partners an hourly rate of $350, sometimes more. *See, e.g.*, *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) ("In labor and employment cases, courts in this district have approved hourly rates of $300-400 for partners"); *Guring v. Malhotra*, 2012 WL 983520, at *11 (S.D.N.Y. Mar. 16, 2012) ("Courts in this District have determined in recent cases that the range of appropriate fees for experienced . . . employment law litigators is between $250 and $450."); *Wong v. Hunda Glass Corp.*, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) ("[T]he range of fees in this District for civil rights and employment law litigators with approximately ten years' of experience is between $250 per hour and $350 per hour."). The partners who worked on plaintiff's case all possess nine to ten years of experience in labor law. *See* Plaintiff's Memo, at 5-10. Thus, the requested rate for the partners is in line with this district's standard. The Court approves an hourly rate of $350 for Mr. Katz, Mr. Slater, and Mr. Schulman.

Similarly, courts in this district have found that $300 is an appropriate hourly rate for a senior associate with at least eight years' experience. *See Torres v. Gristede's Operating Corp.*, 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012) *aff'd*, 519 F. App'x 1 (2d Cir. 2013) (approving rate of $300 per hour for senior associate with at least eight years' experience); *Clover v. Shiva Realty of Mulberry*,

No. 10-cv-1702 (RPP), 2011 WL 1832581, at *5 (S.D.N.Y. May 13, 2011) (approving rate of $300 per hour for associate with nine years' experience). Consequently, plaintiff's requested rate of $285 per hour for Ms. Grunfeld is reasonable and approved by the Court.

The same cannot be said for the associate rates. The rates plaintiff requests are higher than the norm in this district, where courts have typically awarded rates in the range of $175-200 to associates with three years' experience. *See, e.g.*, *Agudelo v. E & D LLC*, No. 12-cv-960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) ($200 per hour); *Palacios v. Z & G Distributors, Inc.*, No. 11-cv-2538 (FM), 2013 WL 4007590, at *6 (S.D.N.Y. Aug. 6, 2013) ($200 per hour); *Anthony v. Franklin First Financial, LTD.*, 844 F. Supp. 2d 504, (S.D.N.Y. 2012) ($175 per hour). The Court notes that Ms. Chandler and Mr. Friedman were each admitted to the bar in 2014, *see* Katz Decl., Dkt. No. 21., at ¶¶ 19-21, 39-42. Courts in this district have awarded rates between $125-150 for attorneys with similar experience. *See, e.g.*, *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ($150 per hour for law clerks at large firm); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) ($125 hourly rate to a "junior attorney"); *cf. Chen v. TYT E. Corp.*, No. 10-cv-5288 (PAC) (DF), 2013 WL 1903735, at *3 (S.D.N.Y. May 8, 2013) ($125 per hour for summer associates; $215 per hour for associates with less than two years' experience); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) ($150 per hour for junior associate with less than a year of experience).

The Court therefore approves hourly rates of $200 for Ms. Singer and $150 each for Ms. Chandler and Mr. Friedman. Finally, the Court awards an hourly rate of $75 to Ms. Evans, based upon previous paralegal awards in this district where counsel provided no information on the paralegal's background or experience, as is the case here. *See, e.g.*, *Spalluto v. Trump Int'l Hotel & Tower*, No. 04-cv-7497 (RJS), 2008 WL 4525372, at *14 (S.D.N.Y. Oct 2, 2008) (collecting cases).

### B. Time Reasonably Expended

Plaintiff requests fees for a total of 191.4 hours expended. "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch*, 148 F.3d at 173 (internal citations and quotation marks omitted). Defendants challenge plaintiff's inclusion of the hours spent litigating the present fees motion, as well as hours related to the NYLL spread of hours claim from Ms. Black's initial complaint that was later abandoned,[6] hours spent preparing and participating in mediation, and hours expended considering the Rule 68 offer. *See* Defendant's Opp., at 10-12. The Court finds the latter two contentions wholly meritless, but addresses the fees for fees and abandoned claim issues below.

#### 1. *Fees for Fees*

Defendants protest that the plaintiff should not be able to recover fees for time spent litigating this motion—they contest the "fees for fees" that plaintiff seeks.

It is well established that "time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) *aff'd,* 448 U.S. 122 (1980); *see also Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for . . . fees.").[7] However, "[c]ourts have usually limited fee application awards to an amount substantially less than the fees awarded on the main claim." *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03-cv-6466 (CPS) (RML), 2008 WL 2004001, at *8 (E.D.N.Y. May 7, 2008) (collecting cases and awarding fees for fees amounting to

---

[6] *See* Complaint, Dkt. No. 1, at ¶¶ 44-50.
[7] To borrow a phrase Judge J. Skelly Wright used in deciding a similar issue, awarding fees for fees avoids the "Kafkaesque judicial nightmare" of an infinite number of suits to recover fees incurred in litigating the issue of fees. *See Cinciarelli v. Reagan*, 729 F.2d 801, 810 (D.C. Cir. 1984).

24% of the total award); *see also Gagne*, 594 F.2d at 344 ("If the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge may refuse further compensation or grant it sparingly."). Many courts have noted that the norm in this circuit is to allow fees for fees awards that account for between 8 and 24% of the total fee award. *See, e.g.*, *Reiter v. Metro. Transp. Auth. of State of New York*, No. 01-cv-2762 (GWG), 2007 WL 2775144, at *20 (S.D.N.Y. Sept. 25, 2007) (collecting cases); *Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251, 262 (S.D.N.Y. 2001) (quoting *Natural Resources Defense Council, Inc. v. Fox,* 129 F. Supp. 2d 666, 675 (S.D.N.Y. 2001)); *Davis v. City of New Rochelle, N.Y.*, 156 F.R.D. 549, 561 (S.D.N.Y. 1994) (collecting cases).

Plaintiff makes this point in her moving papers, noting that the original request of 32.6 hours for time spent on the fee application is "less than 22% of the total attorney time claimed for work on this case." Plaintiff's Memo, at 11. With the additional fees requested in plaintiff's reply, that number jumps to 40%, an amount that the Court finds exorbitant in the context of this litigation.[8] Thus, the Court will decrease plaintiff's requested fees award by the additional 44.8 fees for fees hours requested in her reply. *See* Katz Declaration, Dkt. No. 33, at ¶ 33. With that decrease in hours, plaintiff's fees for fees award again constitutes a reasonable 22% of the total hours expended on this case.[9] The Court notes that 22% is on the high end of the range typically awarded in this circuit, but finds this to be appropriate given the contested nature of the fees motion and the somewhat novel legal issue of whether fees are defined separately from costs under the NYLL. *See, e.g., Diaz,* 2008 WL 2004001, at *8 (reducing fees for fees award from 35% of total hours expended

---

[8] In her reply, plaintiff requests fees for an additional 63.8 hours—44.8 hours spent continuing to litigate this motion and 19 hours spent preparing to enforce the judgment. *See* Katz Declaration, Dkt. No. 33, at ¶ 33. Adding these 63.8 hours to the 127.6 hours plaintiff requested in her original moving papers, *see* Katz Declaration, Dkt. No. 21, Ex. 5, results in a total of 191.4 hours for which plaintiff seeks fees. Adding plaintiff's counsel's original 32.6 hours of work on the fees litigation to the 44.8 newly-requested hours of work on the fees litigation results in a total of 77.4 hours, or 40.4% of the total hours for which plaintiff seeks fees.
[9] Removing the 44.8 hours spent on the continued litigation of this fees motion results in a total of 146.6 hours of work, 32.6 of which was work on fees, or 22%.

to approximately 24%, and finding that an award on the high end of the range was appropriate given defendants' opposition to the motion and the need to address complex or novel legal issues).

### 2. Abandoned Claim

In determining an appropriate fee award, the Court must "examine[ ] whether the plaintiff failed to succeed on any claims wholly unrelated to the claims on which the plaintiff succeeded. The hours spent on such unsuccessful claims should be excluded from the calculation." *Grant*, 973 F.2d at 101 (internal citations omitted) (citing *Hensley*, 461 U.S. at 434-37). Defendants seek a reduction of at least $1,474 for 5.9 hours of work that plaintiff spent amending the complaint, because they posit that those hours were spent working on plaintiff's abandoned claim for spread of hours pay under the NYLL. *See* Defendants' Opp., at 11. Plaintiff notes in her reply that she amended the complaint to add Nunwood Consulting, Ltd. as a party, and deleting the spread of hours claim during the process of amending the complaint, rather than separately dismissing the claim, was done to save the Court's and the parties' time. *See* Plaintiff's Reply Memorandum ("Plaintiff's Reply"), Dkt. No. 32, at 5. Plaintiff states that Ms. Grunfeld spent approximately one hour drafting and later deleting the spread of hours claim. *See id.* Thus, the Court will decrease plaintiff's award by $285, which accounts for one hour of Ms. Grunfeld's time.

### C. Additional Fee Award Adjustments

Defendants argue that plaintiff should not recover "a fully compensatory fee" because her counsel did not "obtain[ ] excellent results." Defendants' Opp., at 8 (citing *Hensley,* 461 U.S. at 435). When a plaintiff is the prevailing party, but it is unclear to what degree the plaintiff succeeded on her claims, there is "no precise rule or formula for making [a] determination[ ]" as to whether and by how much a court should adjust her fee request. *Hensley,* 461 U.S. at 437. As noted above, the final fee amount is subject to the district court's discretion. *See, e.g.*, *Hensley*, 461 U.S. at 436-37; *Gagne*, 594 F.2d at 344.

"The party requesting a departure from the lodestar has the burden of establishing the propriety of such departure in the calculation of a reasonable fee." *Colbert*, 144 F. Supp. 2d at 263 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Grant,* 973 F.2d at 101). The defendants claim that plaintiff's award of $30,000 was only "nuisance value" to them, *see* Defendants' Opp., at 17, which they seem to believe is a proper measure of plaintiff's success. The Court declines to accept this as a measure of anything other than that perhaps defendants should have been willing to make such an offer sooner—if it is indeed so insignificant to them—and thus resolve this case more efficiently. Although plaintiff initially sought more money than she received, this is not uncommon. Through the offer of judgment, Ms. Black prevailed on all of the causes of action asserted in the complaint; plaintiff's fees award will not be reduced for lack of success merely because the Defendants characterize the amount of her recovery as modest.

### IV. CONCLUSION

For the reasons detailed above, Ms. Black is entitled to recover attorney's fees in the amount of $41,941.50. While she signed an offer of judgment which includes "any and all recoverable costs," this offer does not speak to attorney's fees, as costs and fees are defined separately under both the FLSA and the NYLL.

The history of this case suggests that plaintiff acted tactically, poised to pounce upon defendants' failure to include a specific reference to attorney's fees in the offer of judgment. Ms. Black accepted the Rule 68 offer of $30,000 after rejecting a settlement offer of the same amount, and then filed her acceptance of the offer and a motion for attorney's fees concurrently. The Court acknowledges that this decision rewards Ms. Black and her counsel for what some might characterize as sharp practices. However, the risks inherent in failing to use clear language in an offer of judgment are well known. *See, e.g.*, William W. Schwarzer, et al., *Federal Civil Procedure Before Trial* § 15:178.3 (2014) ("If you're drafting an offer of judgment, don't leave these matters [of fees

14

and costs] in doubt. Lack of clarity exposes your client to potentially greater liability."). Defendants, counseled by experienced lawyers associated with a global law firm, were in a position to protect themselves from this result.

The Clerk of Court is directed to terminate the motion pending at docket number 20 and to close this case.

SO ORDERED.

Dated: April 30, 2015  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge